UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DAVID ACUNA DUENAS, <br><br> Plaintiff, <br><br> v. <br><br> MARKWAYNE MULLIN, et al., <br><br> Defendants. | Case No. 2:26-cv-04724-SRM-DMK <br><br><br> **ORDER DENYING *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER [2]** |

Before the Court is Plaintiff Luis David Acuna Duenas' ("Plaintiff") *ex parte* application for a temporary restraining order. Dkt. 2. Defendants did not file an opposition. The Court has reviewed the *ex parte* application, relevant legal authority, and record in this case. The *ex parte* application is **DENIED**.

**I.    BACKGROUND**

Plaintiff is a Peruvian national and citizen. Dkt. 1-1 at 2. He entered the United States on January 1, 2023. *Id.* The following day, immigration authorities granted him parole until March 2023. *Id.* In December 2023, Petitioner's attorney filed an application seeking asylum, withholding of removal, and protection under Convention Against Torture with the immigration court. *Id.* at 3. In that application, Plaintiff had alleged that he feared for his safety after he and his brother were threated by members of the Tren De Aragua. *See*

-1-

*id.* The Department of Homeland Security ("DHS") moved the immigration court to pretermit Plaintiff's application. *See* Dkt. 1-4 at 4. On April 10, 2026, the immigration judge granted DHS's motion and ordered Plaintiff removed to Ecuador or Honduras pursuant to the Asylum Cooperative Agreements. *See id.* at 4–9. Plaintiff timely appealed this decision to the Board of Immigration Appeals on April 21, 2026. Dkt. 1-2 at 5. That appeal remains pending to this day.

Plaintiff brings this civil action seeking to prevent his detention at his next check-in with Immigration and Customs Enforcement on May 5, 2026, at 8:00 a.m. and his ultimate removal. *See* Dkt. 1. According to Plaintiff, he has complied with all the conditions of his release. Dkt. 1-1 at 5. He thus contends that Defendants have no good reason to detain and remove him from the United States before the BIA can decide his appeal. Dkt. 1 at 3. In the Complaint, Plaintiff asserts three claims: (1) a Fifth Amendment procedural due process claim; (2) an Administrative Procedures Act claim; and (3) a claim that his removal before adjudication of his appeal deprives him of his right to meaningful judicial review. *See id.* at 6–9.

Plaintiff now applies *ex parte* seeking to temporarily enjoin Defendants from detaining him on May 5 and removing him from the United States before the BIA can decide his appeal. *See* Dkt. 2. Defendants did not file an opposition to the *ex parte* application.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 65(b) governs temporary restraining orders. A temporary restraining order is an extraordinary remedy meant to preserve the *status quo* and to prevent irreparable harm "just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). To obtain a temporary restraining order, the movant must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def.*

-2-

*Council, Inc.*, 555 U.S. 7, 20 (2008). The final two factors merge when a temporary restraining order is sought against the government, as is true here. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

In cases where there may be a strong showing on the balance of hardships but a weaker showing on the likelihood of success, a movant may still obtain a temporary restraining order under the Ninth Circuit's sliding-scale approach. *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022). Under this sliding-scale approach, a movant must show (1) there are serious questions going to the merits, (2) there is a likelihood of irreparable injury, (3) the balance of hardships tips sharply towards the movant, and (4) the injunction is in the public's interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "'Serious questions' are ones 'that "cannot be resolved one way or the other at the hearing on the injunction because they require more deliberative investigation."'" *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1192 (9th Cir. 2024) (quoting *Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023)). "They 'need not promise a certainty of success, nor even present a probability of success, but must involve a "fair chance of success on the merits."'" *Id.* (quoting *Republic of the Phil. v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)). Even under this sliding-scale approach, a movant must still "make a showing on all four prongs." *Cottrell*, 632 F.3d at 1135.

The movant carries the burden of persuasion and must make a clear showing of entitlement to the requested relief. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). Given the exigent nature of a temporary restraining order, a movant can rely on allegations in a verified complaint, exhibits, declarations, or affidavits, even if inadmissible under the Federal Rules of Evidence. *See Thalheimer v. City of San Diego*, 645 F.3d 1109, 1116 (9th Cir. 2011) ("A verified complaint may be treated as an affidavit, and, as such, it is evidence that may support injunctive relief."), *overruled on other grounds by Board of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc); *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) ("The trial court

-3-

may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial."); *K-2 Ski Co. v. Head Ski Co.*, 467 F.2d 1087, 1088 (9th Cir. 1972) ("A verified complaint or supporting affidavits may afford the basis for a preliminary injunction."). Unverified allegations in the pleadings and unsupported and conclusory statements are not enough to prevail on a motion for a temporary restraining order. *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (reversing district court's order granting preliminary injunction where it relied on unsupported and conclusory statements); *Greenberg v. Guzman*, No. CV 14-00866, 2014 WL 12569551, at *2 (C.D. Cal. July 28, 2014) ("A motion for preliminary injunction must be supported by '[e]vidence that goes beyond the unverified allegations of the pleadings.'") (quoting 9 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2949 (2011)).

## III. DISCUSSION

Plaintiff asserts three claims in the Complaint: (1) a Fifth Amendment procedural due process claim; (2) an Administrative Procedures Act claim; and (3) a claim that his removal before adjudication of his appeal deprives him of his right to meaningful judicial review. *See* Dkt. 1 at 6–9.

The Court begins with the first *Winter* factor—the likelihood of success on the merits—which is the most important factor. *See Baird v. Bonta*, 81 F.4th 1036, 1041 (9th Cir. 2023). It is unclear from the *ex parte* application which claim Plaintiff is arguing he is likely to succeed on. Dkt. 2 at 4–5. At best, Plaintiff seems to be arguing he is likely to succeed on his procedural due process claim. *See id.* at 5 ("removal prior to adjudication raises serious due process concerns."). Plaintiff provides a cursory analysis of why he is likely to succeed on this claim. *See id.* at 4–5. In fact, the two-step test used to analyze procedural due process claims was not discussed in the *ex parte* application. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). A temporary restraining order is "an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. Because Plaintiff here has not carried his burden of clearly showing he is likely to succeed on his Fifth

Amendment procedural due process claim, he has not demonstrated that he is entitled to temporary injunctive relief.

## IV.   CONCLUSION

For the above reasons, the *ex parte* application is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 4, 2026

_____
HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE